BURNELL A. POLZIN, Plaintiff-Appellant, v. PHOENIX OF HARTFORD INSURANCE COMPANIES, Defendant-Appellee.

(No. 55244;

First District—April 18, 1972.

Alan E. Morrill, Charles J. Murphy, and Robert J. Sprecher, all of Chicago, (Morrill, Koutsky, Klomann & Chuhak, and Crowley, Sprecher, Barrett & Karaba, of counsel,) for appellant.

William D. Maddux and John M. O'Connor, both of Chicago, (Kirkland, Ellis, Hodson, Chaffetz & Masters, of counsel,) for appellee.

Mr. JUSTICE LEIGHTON delivered the opinion of the court:

This appeal requires us to construe an endorsement to an automobile liability insurance policy. The essential facts are not in dispute.

Appellant Burnell A. Polzin, at the time in question, was the president of A.B.C. Lithoplate and Graining Service, Inc. of Chicago. He was the corporation's chief executive officer and owner of 50% of its stock. The company owned two automobiles, both insured by appellee The Phoenix of Hartford Insurance Companies. One was a 1967 Cadillac originally purchased by Polzin who for tax reasons transferred title to the corporation. Polzin was Lithoplate's only outside salesman. Therefore, he, more than anyone else, drove the Cadillac. The automobile insurance was obtained by Polzin who left the coverage details to an employee of the agency with which he did insurance business. Lithoplate was the only named insured on the Phoenix policy. The policy had a "Family Protection Coverage" endorsement which provided "uninsured or hit-and-run motor vehicle coverage" required by Illinois law. By the insuring agreements of the endorsement, Phoenix was obligated to pay all sums to which "the insured or his legal representative" should be entitled from the owner or operator of any uninsured automobile that caused bodily injury to the insured. The term "insured" in the endorsement meant:

(1) "the named insured as stated in the policy (herein also referred to as the "principal named insured") and any person designated as named insured in the schedule and, while residents of the same household, the spouse of any such named insured and relatives of either;

(2) any other person while occupying an insured automobile; and

(3) any person, with respect to damages he is entitled to recover because of bodily injury to which this endorsement applies sustained by an insured under (1) or (2) above."

On June 15, 1968, at about 4:00 P.M., Polzin was standing on the northeast corner of Jackson and Ashland Boulevards in Chicago. As the result of a collision, an uninsured motor vehicle owned by Robert E. Nalls careened and struck Polzin, seriously injuring him. Later, Polzin served Phoenix with notice, claiming that he was covered by the uninsured motorist endorsement on the policy issued to Lithoplate. Phoenix denied the claim. Then, relying on a clause of the endorsement that provided for arbitration, Polzin demanded submission of his claim to a member of the American Arbitration Association. Phoenix resisted sub-

mission on the ground that Polzin had no coverage rights under the policy to Lithoplate. Phoenix contended that because a question of coverage was involved, the American Arbitration Association, whose auspices Polzin sought to invoke, was without jurisdiction to hear his claim. On the day of the arbitration hearing, Phoenix appeared and objected to commencement of arbitration. The objection was overruled and arbitration proceeded.

Polzin was the only witness. He testified that he bought the 1967 Cadillac, put the title in the corporation, and drove it most of the time; that he arranged for the insurance policy but never read it to see if it covered him; that the corporation owned the insured automobiles. Then, Polzin and Phoenix stipulated that the automobile which injured Polzin was uninsured; that its driver's negligence caused the injuries; and that Polzin's loss exceeded the policy limit of $10,000. Thereafter, Polzin, through his counsel, argued that though he was not a named insured in the policy, he had rights under the uninsured motorist endorsement because the "Family Protection Coverage" afforded recovery for bodily injury, a thing which Lithoplate, a corporation, could not incur. Therefore, the endorsement would be a nullity unless he, Polzin, the corporation's chief executive officer and the person who was the principal operator of one of the insured automobiles, had coverage for the injuries he sustained as a pedestrian.

Phoenix, by its counsel, argued that the policy to Lithoplate did furnish coverage for bodily injury. However, it was bodily injury suffered by a person who, with Lithoplate's consent, was occupying one of the insured automobiles. Phoenix insisted that since Polzin was neither named in the policy as an insured nor an occupant of one of the insured automobiles, he had no coverage under the endorsement. After taking the submission under advisement, the arbitrator awarded Polzin $10,000, the full amount of the policy.

Thereafter, invoking the Uniform Arbitration Act,[1] Phoenix filed a petition to vacate the award. Polzin answered. After hearing the parties, the trial judge vacated the award, finding that "[r]espondent (Polzin) was not an insured entitled to the uninsured motorist protection under the policy in question and the occurrence as described in the petition and answer." Judgment was entered in favor of Phoenix "[o]n all questions relating to * * * coverage for the occurrence in question." The issue presented is whether Polzin, not a named insured, and a pedestrian injured by an uninsured motorist, had coverage rights within the terms

---

[1] Ill. Rev. Stat. 1969, ch. 10, par. 112.

of the uninsured motorist endorsement to the policy which Phoenix issued to Lithoplate.

■■■ In the law of insurance, there cannot be recovery on a policy without proof that the loss claimed falls within the terms of the coverage provided. (*Sell v. Country Mutual Insurance Company*, 23 Ill.App.2d 497, 163 N.E.2d 547.) The general rules which govern proof of actions on insurance contracts place on a claimant the burden of proving his right to sue on the policy. (46 C.J.S. Insurance par. 1316(1); Couch on Insurance 2d par. 79:344.) Consistent with these rules, we have held that one who sues on a policy of insurance must prove that he comes within its terms. (See *Milkes v. U.S. Fidelity & Guaranty Co.*, 257 Ill. App. 65.) And in *Krmicek v. Federal Life Ins. Co.*, 252 Ill.App. 232, we held that where no claim is made of deception in the issuance of a policy, he who receives it is charged with knowledge of its limitations.

In this case, it is not suggested that either Polzin or Lithoplate was deceived by the automobile liability policy which Phoenix issued. In fact, in his testimony before the arbitrator, Polzin admitted that when the Cadillac was made a subject of the policy to Lithoplate, he did not request inclusion of his name as an insured on the uninsured motorist endorsement. Neither by testimonial nor documentary proof does the record disclose that Phoenix or any of its agents owed Polzin the duty to see that the principal operator of the Cadillac was named an insured in the policy. Therefore, contrary to Polzin's argument in this appeal, it is irrelevant whether the insurance brokerage company that obtained the policy was an agent for Phoenix. Under these circumstances, Polzin, as the corporation's chief executive officer, is charged with knowledge that the policy issued by Phoenix insured only Lithoplate. This being so, when Polzin asserted his claim, he had the burden of proving that the policy covered him and that he had the right to sue on it. Compare *Macaluso v. Watson* (1966), La.App., 188 So.2d 178; *Boedigheimer v. Taylor* (1970), 287 Minn. 323, 178 N.W.2d 610.

Polzin begins the discharge of this burden with the argument that Illinois law (with exceptions not relevant here) requires every liability insurer to furnish uninsured motorist coverage with the kind of policy Phoenix issued in this case. The statute,[2] Polzin insists, must be liberally construed and considered *in pari materia* with the Financial Responsibility Law[3] so as to effectuate the public policy of Illinois. Therefore, Polzin argues, Phoenix cannot escape liability under the uninsured motor-

---

[2] Ill. Rev. Stat. 1969, ch. 73, par. 755a.
[3] Ill. Rev. Stat. 1969, ch. 95½, par. 7—203.

ist endorsement it issued to Lithoplate because (1) he was the president, chief executive officer, 50% shareholder of the corporation and the principal user of the Cadillac; (2) the policy if carelessly written, was written by Phoenix; (3) Phoenix accepted a premium for protecting persons against bodily injury; therefore unless coverage (for the bodily injuries he sustained) is extended to him the uninsured motorist endorsement would be a nullity; and (4) Phoenix waived or is estopped from escaping liability under the policy issued to Lithoplate.

■■■ There are cases which hold that an insured in an automobile liability policy with an uninsured motorist endorsement has coverage for injuries he sustains as a pedestrian. (*Quick v. Michigan Millers Mutual Insurance Co.*, 112 Ill.App.2d 314, 250 N.E.2d 819; *Voris v. Pacific Indemnity Company* (1963), 213 Cal.App.2d 29, 28 Cal. Rptr. 328.) There is also a respectable body of legal authority for this doctrine. (See *Mitchell's Georgia Law of Insurance* par. 120 (1965); Widiss, *Perspectives on Uninsured Motorist Coverage*, 62 Nw.L.Rev. 497, 503 (1967); Notman, *Uninsured Motorist Coverage: A Current Analysis*, 55 Ill.Bar Jour. 142, 144 (1966).) However, our attention has not been called either to a case or to any authority in this or any other jurisdiction which holds or supports the theory that (as to one not a named insured, or within an insured class) the public policy underlying uninsured motorist protection dictates coverage rights to a pedestrian, who like Polzin, is a corporate officer, shareholder and principal user of an insured automobile. We suspect that this absence of case law and legal authority is explained by the requirement, common to uninsured motorist statutes, that automobile liability policies contain coverage "[f]or the protection of *persons injured thereunder* (emphasis supplied) who are legally entitled to recover damages from owners or operators of uininsured motor vehicles and hit-and-run motor vehicles because of bodily injury * * *."(See Ill. Rev. Stat. 1969, ch. 73, par. 755a.) In the face of this plain and unambiguous language, liberal construction cannot be used to change the requirement that Polzin prove he was among the "persons insured" by the policy on which he brought suit. (See *Prosk v. Allstate Insurance Co.*, 82 Ill.App.2d 457, 226 N.E.2d 498.) Nor would considering this statute *in pari materia* with the Financial Responsibility Law affect the result because by its terms the endorsement in this case provided coverage for "[a]ny other person using or responsible for the use of * * *" the two automobiles owned by Lithoplate. Plainly, adoption of Polzin's construction of the uninsured motorist endorsement in this case would result in our making a new contract of insurance for the parties. This we cannot do. (*Lakatos v. Prudence Mutual Casualty Company*, 113 Ill.App.2d 310, 317, 252 N.E.2d 123.) Therefore, we con-

clude that the uninsured motorist endorsement in this case was not a nullity; it covered Lithoplate and any person using its automobiles. By this construction, Polzin, not being a named insured nor using one of the insured automobiles, had no coverage rights under the endorsement. For these reasons, the judgment is affirmed.

Judgment affirmed.

STAMOS, P. J., and SCHWARTZ, J., concur.