ECONOMY PREFERRED INSURANCE COMPANY, Plaintiff-Appellant and Cross-Appellee, v. JERSEY COUNTY CONSTRUCTION, INC., *et al.*, Defendants and Third-Party Plaintiffs-Appellees and Cross-Appellants (Paul Miller Insurance Agency, Inc., Third-Party Defendant).

Fourth District   No. 4—92—0979

Argued June 16, 1993.—Opinion filed June 29, 1993.

Karen L. Kendall and Bradley S. McMillan, both of Heyl, Royster, Voelker & Allen, of Peoria, and James C. Kearns (argued) and Michael R. Robinson, both of Heyl, Royster, Voelker & Allen, of Urbana, for appellant.

Eric S. Pistorius (argued), of Law Office of George P. Wittman, of Jerseyville, for appellees.

JUSTICE LUND delivered the opinion of the court:

Nelson Miller purchased vehicle insurance from the Economy Preferred Insurance Company (Economy Insurance), with the policy being issued in the name of Jersey County Construction, Inc. (Jersey Construction). Nelson Miller was president and manager of Jersey Construction. Nelson's daughter, Tammy, was injured on July 14, 1985, while a passenger on an uninsured motorcycle operated by an uninsured motorist. Nelson claims Tammy's accident was covered by Economy Insurance's uninsured motorist (UM) provisions in the policy issued to Jersey Construction.

Economy Insurance filed this declaratory judgment action, seeking a determination that the UM coverage in the Jersey Construction policy did not cover Tammy's accident. On May 6, 1992, the circuit court of Jersey County granted Jersey Construction and

Tammy's motion for summary judgment and denied Economy Insurance's motion for summary judgment. On November 4, 1992, the trial court denied a motion for rehearing.

The trial court's decision basically held that while the policy was issued to a corporation, because it contained the term "family members" and autos driven by Miller's family were insured, the uninsured coverage extended beyond the corporation to the Miller family. Economy Insurance's argument that the policy contained no ambiguity was denied. The trial court said ambiguity existed and that including the term "family members" must be interpreted as insuring Nelson, his wife, and his children.

Economy Insurance appeals, arguing the trial court erred in holding the policy insuring Jersey Construction was ambiguous and in extending coverage to cover Tammy's accident.

We now address whether the relevant clause of the insurance policy is clear and unambiguous. If the clause is ambiguous, it must be construed in favor of the insured. If it is unambiguous, there is no need for construction and the clause may be applied as written, unless it contravenes public policy. *Menke v. Country Mutual Insurance Co.* (1980), 78 Ill. 2d 420, 423, 401 N.E.2d 539, 541.

The policy with which we are concerned defines "you" and "your" to "mean the person or organization shown as the named insured." The "insured" is "[y]ou are an insured for any covered auto." Under "Who is Insured," number one is "You or any family member." Under the heading "Uninsured Motorists Insurance" (UM), specifically part IV(B)(1), the policy provides:

> "We will pay all sums the insured is legally entitled to recover as damages from the owner or driver of an uninsured motor vehicle. The damages must result from bodily injury sustained by the insured caused by an accident. The owner's or driver's liability for these damages must result from the ownership, maintenance or use of the uninsured motor vehicle."

The policy is a "Preferred Business Auto Policy" and the named insured is "Jersey County Construction, Inc." The policy listed a 1980 Ford Mustang, a 1984 Ford Escort GT two-door, and a 1980 Lincoln Town Car. The effective date of the policy was March 21, 1985, and the expiration date February 24, 1986.

The problem, as recognized by all parties, centers upon the fact that corporations, as well as other businesses, do not have family members. Jersey Construction and Tammy contend the "family members" reference necessarily makes the relevant provisions re-

lating to coverage ambiguous. They then say evidence of family use of the insured autos leads to the conclusion reached by the trial court.

■ We acknowledge that both counsel have provided citations to those vague rules used in construing contracts in general and, in particular, insurance contracts. The primary objective in construing a contract is to determine and give effect to the intention of the parties at the time they entered into the contract. (*Zale Construction Co. v. Hoffman* (1986), 145 Ill. App. 3d 235, 241, 494 N.E.2d 830, 834.) Whether the contract is ambiguous is a question of law, and the court may consider extrinsic evidence provisionally for the limited purpose of determining whether an ambiguity exists. (*Zale*, 145 Ill. App. 3d at 241, 494 N.E.2d at 834.) An insurance policy is not to be interpreted in a factual vacuum. (*Squire v. Economy Fire & Casualty Co.* (1977), 69 Ill. 2d 167, 174, 370 N.E.2d 1044, 1047.) Judicial policy favoring a liberal interpretation of insurance coverage is a policy to ensure compensation of victims as a result of traffic or automobile accidents. *Thomas v. Aetna Casualty & Surety Co.* (1975), 28 Ill. App. 3d 363, 365-66, 328 N.E.2d 374, 376.

The following cases cited to our court have held that where the insured is a corporation, even though using terms similar to "family members," UM coverage does not extend to employees or family members of employees *for accidents that do not involve occupancy of covered vehicles*; these cases hold that corporations cannot have "family members" and apply to everyone from sole owners of the corporation to children of employees of corporations: *Polzin v. Phoenix of Hartford Insurance Cos.* (1972), 5 Ill. App. 3d 84, 283 N.E.2d 324 (injured was 50% shareholder); *Buckner v. Motor Vehicle Accident Indemnification Corp.* (1985), 66 N.Y.2d 211, 486 N.E.2d 810, 495 N.Y.S.2d 952 (injured was son of sole shareholder); *Sears v. Wilson* (1985), 10 Kan. App. 2d 494, 704 P.2d 389 (injured was son of employee who was assigned a corporate auto); *Meyer v. American Economy Insurance Co.* (1990), 103 Or. App. 160, 796 P.2d 1223 (injured employee was principal shareholder); *General Insurance Co. v. Icelandic Builders, Inc.* (1979), 24 Wash. App. 656, 604 P.2d 966 (injured was son of sole stockholder of closely held business); *Dixon v. Gunter* (Tenn. Ct. App. 1982), 636 S.W.2d 437 (injured was president and sole stockholder); *Pearcy v. Travelers Indemnity Co.* (Fla. Dist. Ct. App. 1983), 429 So. 2d 1298 (injured was son of vice-president); *Saffel v. Bamburg* (La. Ct. App. 1985), 478 So. 2d 663 (injured was spouse of an employee); *Langer v. United States Fidelity & Guaranty Co.* (Me. 1988), 552 A.2d 20 (in-

jured was ward of insured, the State of Maine); *Pennsylvania Lumbermens Mutual Insurance Co. v. Haney* (1988), 189 Ga. App. 216, 375 S.E.2d 293 (auto insured by corporation was owned by mother of injured); *Williams v. Florida Insurance Guaranty Association, Inc.* (Fla. Dist. Ct. App. 1989), 549 So. 2d 253 (injured was husband of sole owner of corporation); *Busby v. Simmons* (1991), 103 N.C. App. 592, 406 S.E.2d 628 (injured was daughter who, with her father, worked for and were sole owners of the corporation); and *Barnes v. Thames* (La. Ct. App. 1991), 578 So. 2d 1155 (injured was employee of corporation which was owned by mother and one other person).

The only case cited to the contrary is *Colokathis v. Hartford Accident & Indemnity Co.* (1988), 244 Cal. Rptr. 779 (noting California Supreme Court ordered this opinion was not to be officially published). This appellate opinion dealt with the following fact situation. A sole owner and president of a small corporation in Massachusetts was driving a rental automobile in California and was involved in an automobile accident where the other vehicle was uninsured. The only automobile owned by the corporation was driven primarily by the president and insured by Hartford, who listed the corporation as the insured. The California opinion, in holding for the corporation president, stated:

> "Colokathis is the principal officer and employee of the company and also she is the primary user of the insured vehicle. This provision is designed to protect an insured from the misery and hardship experienced when injured by an uninsured or financially irresponsible motorist. (See *Waite v. Godfrey* (1980)[,] 106 Cal. App. 3d 760, 770-771, 163 Cal. Rptr. 881.) Since the corporation cannot collect for personal injuries, the most likely person that should benefit from the paid-for coverage is plaintiff. Accordingly, we conclude that this clause should be interpreted to provide uninsured motorist coverage to plaintiff.
>
> Hartford could have avoided this result simply by modifying the boilerplate language to eliminate this clause in corporate policies and to reduce the premium charged for uninsured motorist coverage proportionally. This would have the dual effect of removing the underlying ambiguity and alerting plaintiff, as the insured, that she must decide whether she wants to pay an additional premium for personal coverage." *Colokathis*, 244 Cal. Rptr. at 782.

Contrary to defendants' argument, we find the opinion in *Polzin* to be authority supporting plaintiff's position. In that case, the 50% owner of the insured corporation not only purchased the insured auto and transferred title to the insured corporation, but was also the principal driver. He was injured while a pedestrian, as the result of negligence of an uninsured driver. Polzin claimed coverage under "family protection coverage" of the policy, contending any other interpretation would make the endorsement a nullity. While the decision denying Polzin coverage is not right on point, the refusal of the *Polzin* court to make a new contract for the parties instructs as to whether the term "family member" creates an ambiguity which would justify amendment of the policy to extend coverage to those not "insured."

Being realistic, we recognize conflicting issues influence decisions in cases such as this. In addition to the rules of law quoted in this opinion, we are aware of the confusion resulting from the continuous use of boilerplate terminology such as "family members." We also are aware that the "Preferred Business Auto Policy" may have allowed for a business deduction on tax returns for all vehicle insurance expense. Because the policy was issued through an agency, the possibility exists that Economy Insurance issued the policy assuming corporation ownership of the vehicles and basic corporation use of the vehicles. In addition, it is quite possible the UM coverage for those injured, as was Tammy, was not even considered when the policy was acquired. Regardless, we reach the conclusion that the insurance policy was not ambiguous. In doing so, after considering this case and the others cited herein, we cannot help but question why the form policies have not included a warning that the "family member" reference does not apply when the insured is a corporation or similar-type nonfamily entity.

The policy provides UM coverage benefits for those authorized drivers of the insured vehicles. Thus, if "family members" were driving the vehicles, they would be covered. However, it still appears that "family members" is a nullity when the insured is a corporation. Regardless, the policy lists the corporation as the insured of the "Preferred Business Auto Policy." To say the policy insured Nelson Miller, and thereby includes his family, would result in a rewriting of the policy. The named insured is not ambiguous; corporations cannot have family members. We hold the policy is not ambiguous and that the trial court's decision was in error. Summary judgment against Economy Insurance is reversed, and the order denying summary judgment against defendants is reversed.

We reverse and remand with directions for the trial court to grant summary judgment in favor of plaintiff against defendants Jersey Construction and Tammy Miller. The third-party complaint and the cross-complaint are still pending actions.

Reversed and remanded with directions.

STEIGMANN, P.J., and KNECHT, J., concur.