SECOND DIVISION

FEBRUARY 8, 2000

No. 1-99-1350

TIMOTHY ROHE, a Minor, By His Mother ) ON APPEAL FROM

and Next Friend, Marybeth Rohe, ) THE CIRCUIT COURT

) OF COOK COUNTY

Plaintiff-Appellant, )

) No. 98-CH-10050

)

)

CNA INSURANCE COMPANY, a Corporation, ) THE HONORABLE

) ROBERT BOHERIC,

Defendant-Appellee. ) JUDGE PRESIDING.

PRESIDING JUSTICE COUSINS delivered the opinion of the court:

Plaintiff, Timothy Rohe, a minor, filed a declaratory judgment action in the circuit court of Cook County seeking a determination of his right to insurance coverage under a business automobile policy provided by defendant, CNA Insurance Company, and issued to a corporation owned by plaintiff's father.  Plaintiff specifically sought to recover the proceeds of an uninsured motorist endorsement found within the policy following an accident that occurred between plaintiff, a pedestrian, and an uninsured motorist.  
The circuit court granted defendant's motion for judgment on the pleadings, finding the language of the insurance policy to be unambiguous and, thus, inapplicable to plaintiff.  On appeal, plaintiff contends that the lower court erred in granting defendant's motion where the insurance policy was ambiguous as to who was covered thereunder and where public policy supports the extension of coverage to family members.

We affirm.

BACKGROUND

Plaintiff's father owns a corporation named Graphic Papers of Joliet, Inc. (Graphic Papers), located at 701 Scott Street, Joliet, Illinois.  On August 7, 1996, defendant issued a business automobile insurance policy to Graphic Papers for the policy period of August 12, 1996, to August 12, 1997, insuring thereunder five automobiles and listing Graphic Papers as the only "named insured" in the policy declaration.  The policy was covered by American Casualty Company of Reading, Pennsylvania, and stated that, "[t]hroughout this policy, the words 'you' and 'your' refer to the Named Insured shown in the Declarations."  The policy further included an "Illinois Uninsured Motorists Coverage" endorsement that defined an "insured" as follows:

"1.  You.

2.  If you are an individual, any 'family member'.

3.  Anyone else 'occupying' a covered 'auto' or a temporary substitute for a covered 'auto'.  The covered 'auto' must be out of service because of its breakdown, repair, servicing, loss or destruction.

4.  Anyone for damages he or she is entitled to recover because of 'bodily injury' sustained by another 'insured'."

On December 1, 1996, plaintiff, a minor, was skateboarding on a public street in Joliet, Illinois, when an uninsured automobile struck him.  As a result thereof, plaintiff allegedly sustained fractures to his right fibula, left and right tibia, and distal right humerus, as well as other scratches and contusions.

In March 1998, plaintiff demanded that defendant tender to him the full $500,000 limit of the uninsured motorist endorsement found within Graphic Papers' insurance policy.  However, on April 16, 1998, defendant refused plaintiff's demand, stating:

"Upon review, we have found that at the time of the loss, no coverage was afforded Timothy Rohe, minor; for uninsured/ underinsured 
motorist coverage.  Therefore[,] we regret to inform you we can not consider this claim for injury as a result of the above accident."

On July 29, 1998, plaintiff filed a complaint for declaratory judgment against defendant, alleging, 
inter alia
, that he was entitled to uninsured motorist coverage under Graphic Papers' insurance policy because the "family language" within the policy was a deliberate intent by defendant (1) to apply coverage not only to Graphic Papers, but also to individuals assigned by Graphic Papers to operate its vehicles, and (2) to provide coverage to the family members of said individuals.  Plaintiff further asserted that any other interpretation of the "family member" language in a policy wherein the "named insured" was a corporation would render the policy ambiguous, as corporations cannot have families.  As such, plaintiff urged the court to construe the term "family members" as including plaintiff, since his parents were assigned to one of the insured vehicles during the time of his injury.

On October 9, 1998, defendant filed a motion for judgment on the pleadings, alleging, 
inter alia
, that plaintiff was not an insured under Graphic Papers' policy and, as such, defendant did not have any obligation to pay uninsured motorist benefits to him in connection with his alleged injuries and accident.  In its "Memorandum of Law in Support of its Motion for Judgment on the Pleadings," filed October 26, 1998, defendant further posited that notice of the accident and claim were untimely and constituted a breach of a condition precedent to coverage.

On March 22, 1999, following a hearing on the matter, the lower court granted defendant's motion, finding the policy language to be unambiguous, as it applied only to a corporation and not to an individual.  As such, the court found that plaintiff had no rights to coverage thereunder.  See 
Economy Preferred Insurance Co. v. Jersey County Construction, Inc.
, 246 Ill. App. 3d 387, 390, 615 N.E.2d 1290, 1292 (1993).
  This appeal then ensued.

ANALYSIS

This is an action for declaratory relief (see 735 ILCS 5/2-

701 (West 1998)), wherein the circuit court granted defendant's motion for judgment on the pleadings (see 735 ILCS 5/2-615(e) (West 1998)). 
 A motion for judgment on the pleadings is like a motion for summary judgment limited to the pleadings.  
Employers Insurance v. Ehlco Liquidating Trust
, 186 Ill. 2d 127, 138, 708 N.E.2d 1122, 1129 (1999).  As such, judgment on the pleadings is proper " '[i]f the admissions in the pleadings disclose that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law.' " 
Employers Insurance
, 186 Ill. 2d at 138, 708 N.E.2d at 1129, quoting 3 R. Michael, Illinois Practice §27.2, at 494 (1989).  As the construction of an insurance policy and its provisions is a question of law, we review the case under a 
de novo
 standard.  
Lapham-Hickey Steel Corp. v. Protection Mutual Insurance Co.
, 166 Ill. 2d 520, 529, 655 N.E.2d 842, 846 (1995); 
Outboard Marine Corp. v. Liberty Mutual Insurance Corp.
, 154 Ill. 2d 90, 108, 607 N.E.2d 1204, 1212 (1992).

Plaintiff initially contends that the lower court erred, as a matter of law, in granting defendant's motion where the insurance policy in question was ambiguous as to who was covered thereunder.  Specifically, plaintiff asserts that he is entitled to benefits under the uninsured motorist endorsement found within Graphic Papers' policy because the word "you" in the policy is ambiguous in the manner used throughout the policy.  We disagree.

In construing insurance policies, the court's primary purpose is to determine and give effect to the intention of the parties, as expressed in the agreement.  
Outboard Marine
, 154 Ill. 2d at 108, 607 N.E.2d at 1212
.  To do so, a court must "construe the policy as a whole, taking into account the type of insurance for which the parties have contracted, the risks undertaken and purchased, the subject matter that is insured and the purposes of the entire contract."  
Crum & Forster Managers Corp. v. Resolution Trust Corp.
, 156 Ill. 2d 384, 391, 620 N.E.2d 1073, 1078 (1993).  If the words in the policy are clear and unambiguous, there is no need for construction and the court will enforce the policy according to its terms as written, 
unless it contravenes public policy.  
Menke v. Country Mutual Insurance Co.
, 78 Ill. 2d 420, 423-24, 401 N.E.2d 539, 541 (1980); see also 
United States Fire Insurance Co. v. Schnackenberg
, 88 Ill. 2d 1, 4-5, 429 N.E.2d 1203, 1205 (1981).  However, a policy term is not ambiguous because the term is not defined within the policy or because the parties can suggest creative possibilities for its meaning.  
Lapham-Hickey
, 166 Ill. 2d at 529, 655 N.E.2d at 846.  And
, a court cannot read an ambiguity into a policy just to find in favor of the insured.  
Lapham-Hickey
, 166 Ill. 2d at 530, 655 N.E.2d at 846.  Rather, a policy provision is ambiguous only if it is subject to more than one reasonable interpretation.  
United States Fidelity & Guaranty Co. v. Wilkin Insulation Co.
, 144 Ill. 2d 64, 74, 578 N.E.2d 926, 930 (1991).  Where competing reasonable interpretations of a policy exist, the court must construe the policy in favor of the insured and against the insurer that drafted the policy.  
American States Insurance Co. v. Koloms
, 177 Ill. 2d 473, 479, 687 N.E.2d 72, 74 (1997).

In the case at bar, plaintiff's argument is premised upon the assumption that his father falls within the definition of the word "you" as used in the uninsured motorist endorsement's definition of "insured."  From this, plaintiff argues that he is a "family member" of his father and, as such, is entitled to uninsured motorist benefits under Graphic Papers' policy.  However, the policy specifically defined the term "you" as referring only to the "named insured," which is the corporation Graphic Papers.  It is clear under the law that a corporation is a legal entity separate and distinct from its shareholders, directors and officers.  
In re Rehabilitation of Centaur Insurance Co.
, 158 Ill. 2d 166, 172, 632 N.E.2d 1015, 1017 (1994).  Therefore, as Graphic Papers has an existence wholly separate from that of its owner, plaintiff's father, the insurance policy, on its face, is unambiguous as to who is covered thereunder.  See 
Outboard Marine
, 154 Ill. 2d at 108, 607 N.E.2d at 1212.

Regardless, plaintiff urges this court to find persuasive the holdings in other state courts, particularly 
Hansen v. Ohio Casualty Insurance Co.
, 239 Conn. 537, 687 A.2d 1262 (1996), that "family member" language in an insurance policy is ambiguous and, therefore, should be construed in favor of the insured.  See, 
e.g.
, 
Decker v. CNA Insurance Co.
, 66 Ohio App. 3d 576, 585 N.E.2d 884 (1990); 
Ceci v. National Indemnity Co.
, 225 Conn. 165, 622 A.2d 545 (1993).  More specifically, in 
Hansen
, the Connecticut Supreme Court held that shareholders and employees of a closely held corporation, including the decedent, a co-owner of the corporation who was struck and killed by an underinsured motorist while on vacation, were entitled to underinsured motorist benefits under the uninsured motorist endorsement of a garage insurance policy issued to the corporation by the defendant insurance company.  
Hansen
, 239 Conn. at 540, 687 A.2d at 1264.  T
he policy defining who was insured thereunder was identical to the language of the policy in the case at bar.  However, that court found that the "family member" language included therein may permit a layperson to conclude that the "you" in the policy was also referring to the shareholders of the family-owned and operated corporation, thereby rendering the policy ambiguous enough to require coverage of said individuals.  
Hansen
, 239 Conn. at 544, 687 A.2d at 1265.

In the instant case, it is our view that the holdings in 
Hansen
 and the other out-of-state authorities are inapposite where the simple inclusion of the phrase "family members" does not, in itself, render the policy ambiguous.  Here, it is undisputed that the insurance policy was clearly designed to be used both in the case of "individuals" and in the case of "corporations."  Furthermore, we decline to follow the out-of- state holdings in light of an Illinois decision directly on point, 
Economy Preferred Insurance Co. v. Jersey County Construction, Inc.
, 246 Ill. App. 3d 387, 615 N.E.2d 1290 (1993).  In 
Economy Preferred
, 246 Ill. App. 3d at 389, the insurance policy defined "you" and "your" to mean "'the person or organization shown as the named insured'" therein, and "you" were an "insured" for "'any covered auto.'"  Under "'Who is Insured,'" the policy stated, "'You or any family member.'" 246 Ill. App. 3d 389.  Furthermore, under the heading "'Uninsured Motorists Insurance,'" the policy provided, in pertinent part: 

" 'We will pay all sums the insured is legally entitled to recover as damages from the owner or driver of an uninsured motor vehicle.  The damages must result from bodily injury sustained by the insured caused by an accident.  The owner's or driver's liability for these damages must result from the ownership, maintenance or use of the uninsured motor vehicle.' " 
Economy Preferred
, 246 Ill. App. 3d at 389, 615 N.E.2d at 1292.

In that case, plaintiff, the president and manager of a corporation, purchased automobile insurance in which the named insured was a corporate entity.  Thereafter, plaintiff's daughter was injured while riding as a passenger on an uninsured motorcycle driven by an uninsured motorist.  Plaintiff sought coverage under his corporation's policy, contending that the uninsured motorist endorsement within the policy extended beyond the corporation to plaintiff's family members.  Recognizing that corporations cannot have family members, the Fourth District of the Illinois Appellate Court held that, where an insured is a corporation, uninsured motorist coverage does 
not
 extend to employees or family members of employees for accidents that do not involve occupancy of covered vehicles.  
Economy Preferred
, 246 Ill. App. 3d at 390, 615 N.E.2d at 1292, citing
 
Buckner v. Motor Vehicle Accident Indemnification Corp.
, 66 N.Y.2d 211, 486 N.E.2d 810, 495 N.Y.S.2d 452 (1985); 
Sears v. Wilson
, 10 Kan. App. 2d 494, 704 P.2d 389 (1985); 
Meyer v. American Economy Insurance Co.
, 103 Or. App. 160, 796 P.2d 1223 (1990); 
General Insurance Co. v. Icelandic Builders, Inc.
, 24 Wash. App. 656, 604 P.2d 966 (1979); 
Dixon v. Gunter
, 636 S.W.2d 437 (Tenn. Ct. App. 1982); 
Pearcy v. Travelers Indemnity Co.
, 429 So. 2d 1298 (Fla. App. 1983); 
Saffel v. Bamburg
, 478 So. 2d 663 (La. App. 1985); 
Langer v. United States Fidelity & Guaranty Co.
, 552 A.2d 20 (Me. 1988); 
Pennsylvania Lumbermens Mutual Insurance Co. v. Haney
, 189 Ga. App. 216, 375 S.E.2d 293 (1988); 
Williams v. Florida Insurance Guaranty Assn.
, 549 So. 2d 253 (Fla. App. 1989); 
Busby v. Simmons
, 103 N.C. App. 592, 406 S.E.2d 628 (1991); and 
Barnes v. Thames
, 578 So. 2d 1155 (La. App. 1991).

Polzin v. Phoenix of Hartford Insurance Cos.
, 5 Ill. App. 3d 84, 283 N.E.2d 324 (1972), is also an instructive case.  In 
Polzin
, the insurance policy included a "'Family Protection Coverage'" endorsement that defined an "insured", in pertinent part, as:

"(1) the named insured as stated in the policy *** and any person designated as named insured in the schedule and, while residents of the same household, the spouse of any such named insured and relatives of either;

(2) any other person while occupying an insured automobile."  
Polzin
, 5 Ill. App. 3d at 85, 283 N.E.2d at 325.  In that case, plaintiff was the president and chief executive officer of a corporation who also owned 50% of the corporate stock.  The corporation owned two vehicles insured by the defendant insurance company and was the only named insured on the policy.  Plaintiff purchased the insured auto policy, transferred title to the insured corporation, and was the principal driver of the vehicles.  Thereafter, while a pedestrian, plaintiff was hit by an uninsured driver.  After the insurance company denied plaintiff's claim under the corporation's automobile insurance policy, plaintiff claimed coverage under the "Family Protection Coverage," contending that any other interpretation would render the endorsement a nullity.  This
 court found that the plain and unambiguous language of the policy did not provide for coverage to a plaintiff, a corporate officer, shareholder and principal user of an insured automobile, who failed to prove that he came within the policy terms of the endorsement.  
Polzin
, 5 Ill. App. 3d at 87, 283 N.E.2d at 327.  In so holding, we specifically stated that to adopt plaintiff's construction of the endorsement would result in an impermissible rewriting of the insurance policy.  
Polzin
, 5 Ill. App. 3d at 88, 283 N.E.2d at 328; 
cf.
 
Klemp v. Hergott Group, Inc.
, 267 Ill. App. 3d 574, 581, 641 N.E.2d 957, 962 (1994) (holding that "[a] court will not rewrite a contract to suit one of the parties, but will enforce the terms as written").

In the instant case, the clear and unambiguous language of the policy defines "you" and "your" as the "named insured" in the policy declarations.  The "named insured" is a corporation, not an individual, which cannot have "family members".  See 
Economy Preferred
, 246 Ill. App. 3d at 390, 615 N.E.2d at 1292.  As the condition precedent for the applicability of the definition of "insured" to "family members" is not present in this case (
i.e.
, that the "you" in the policy declarations is an "individual"), plaintiff does not qualify for coverage thereunder.
  See 
Polzin
, 5 Ill. App. 3d at 87, 283 N.E.2d at 327.  Furthermore, the accident from which plaintiff sought coverage did not involve occupancy of a covered vehicle.  
Economy Preferred
, 246 Ill. App. 3d at 390, 615 N.E.2d at 1292.  Accordingly, we hold that the circuit court did not err in granting defendant's motion.

In this appeal, plaintiff also contends that public policy supports the extension of coverage to family members.  In support of this contention, plaintiff relies on section 143a of the Illinois Insurance Code (215 ILCS 5/143a(1) (West 1998)), which provides that no insurance policy can be issued unless coverage is provided therein "for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles."  The intent of the legislature in requiring uninsured motorist endorsements to be attached to general automobile insurance policies is to protect 
an insured
 against injuries caused by motorists who are uninsured.  215 ILCS 5/143a(1) (West 1998); see also 
Wilhelm v. Universal Underwriters Insurance Co.
, 60 Ill. App. 3d 894, 897, 377 N.E.2d 62, 64 (1978).  However, we have discussed that the "family member" coverage in the uninsured motorist endorsement has specific application where the insured is an individual, but is inapplicable where the insured is a corporation.

Accordingly, the decision of the circuit court is affirmed.

Affirmed.

GORDON and McBRIDE, JJ., concur.