FIRST DIVISION
Filed: 5-29-07

No. 1-05-2370

| | | |
|---|---|---|
| FRED STARK, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | Nos.   04 CH 6821, |
| | ) | 04 CH 7195 |
| ILLINOIS EMCASCO INSURANCE | ) | |
| COMPANY, | ) | Honorable |
| | ) | William Maki, |
| Defendant-Appellee. | ) | Judge Presiding. |

JUSTICE ROBERT E. GORDON delivered the opinion of the court:

Plaintiff Fred Stark filed a declaratory judgment action in the circuit court of Cook County seeking a determination of his right to insurance coverage under a commercial automobile policy provided by defendant Illinois Emcasco Insurance Company and issued to a corporation of which plaintiff is the sole officer, director, and shareholder. Plaintiff specifically sought to recover the proceeds of an underinsured motorist endorsement found within the policy following an accident that occurred between plaintiff and Pauline Shepherd, a motorist with liability coverage of $50,000. The trial court granted defendant's motion for summary judgment, finding the language of the insurance policy to be unambiguous and finding no coverage afforded to plaintiff. On appeal, plaintiff contends that the trial court erred by granting defendant's motion where the insurance policy was ambiguous as to who was covered thereunder. We affirm.

BACKGROUND

Thornton is a corporation involved in the business of providing residential and commercial heating and air-conditioning services. Plaintiff is the sole officer, director, and shareholder of Thornton. Defendant issued a commercial automobile policy to Thornton for the policy period of August 6, 2001, to August 6, 2002, insuring 16 automobiles and listing Thornton as the only "named insured" in the policy declaration. The policy stated, "Throughout this policy the words 'you' and 'your' refer to the Named Insured shown in the Declarations." The policy further included an "Illinois Underinsured Motorists Coverage" endorsement that defined an "insured" as follows:

"1. You.

2. If you are an individual, any 'family member'.

3. Anyone else 'occupying' a covered 'auto' or a temporary substitute for a covered 'auto'. The covered 'auto' must be out of service because of its breakdown, repair, servicing, loss or destruction.

4 Anyone for damages he or she is entitled to recover because of 'bodily injury' sustained by another 'insured'."

On February 6, 2002, plaintiff was driving his automobile to view a site to provide an estimate for heating and air-conditioning services. On his way to the site, plaintiff stopped at an

Office Depot to purchase software for his corporation. Plaintiff parked his car in the parking lot accessible to Office Depot customers and walked inside the store. A short time later, plaintiff exited the store and was walking back to his vehicle when he was struck by Shepherd's vehicle. Shepherd's vehicle was insured with $50,000 in liability coverage. Plaintiff settled with Shepherd's insurance carrier for $50,000 and then brought this claim against defendant for underinsured motorist coverage.

In April 2004, plaintiff filed a claim under the underinsured motorist endorsement found within the commercial insurance policy. However, on April 14, 2004, defendant refused plaintiff's demand, observing that plaintiff was not an "insured" for purposes of the underinsured motorist endorsement at the time of the accident.

On April 23, 2004, plaintiff filed a complaint for declaratory judgment against defendant seeking a declaration that he was covered for underinsured motorist coverage under the policy. On April 29, 2004, defendant filed a complaint for declaratory judgment seeking a declaration that plaintiff was not covered under the policy. On May 19, 2004, the two matters were consolidated.

Defendant filed a motion for summary judgment arguing that plaintiff was not an "insured" under the first paragraph of the underinsured motorist provision because Thornton, plaintiff's corporation, was the only named insured in the policy declarations. Defendant also argued that plaintiff was not an insured under paragraph three of the underinsured motorist provision because plaintiff was not "occupying" a covered "auto" at the time of the accident.

Plaintiff argued that paragraph one of the underinsured motorist endorsement was ambiguous, as corporations cannot suffer bodily injury and that paragraph one should have been read to provide underinsured motorist coverage for bodily injury caused to plaintiff because plaintiff is the sole officer, director, and shareholder of Thornton and that at the time of contracting, plaintiff understood the term "you" to apply to plaintiff, personally.

On July 7, 2005, the trial court granted defendant's motion for summary judgment. This timely appeal followed.

## ANALYSIS

As previously noted, this appeal was taken from the trial court's grant of summary judgment in favor of defendant and against plaintiff. "Summary judgment is appropriate when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law." *Outboard Marine Corp. v. Liberty Mutual Insurance Co.*, 154 Ill. 2d 90, 102 (1992). Summary judgment should only be granted if the movant's right to judgment is clear and free from doubt. *Outboard Marine Corp.*, 154 Ill. 2d at 102. Where reasonable persons can "draw divergent inferences from undisputed facts," a motion for summary judgment should be denied. *Outboard Marine Corp.*, 154 Ill. 2d at 102. We conduct a *de novo* review on appeals from summary judgment rulings. *Crum & Forster Managers Corp. v. Resolution Trust Corp.*, 156 Ill. 2d 384 (1993).

Plaintiff contends that the trial court erred, as a matter of law, by granting defendant's motion where the insurance policy in question was ambiguous as to who was covered thereunder. Specifically, plaintiff asserts that he is entitled to benefits under the underinsured

motorist endorsement found within Thornton's policy because the word "you" in the policy is ambiguous. If we conclude that the "you" in the policy is ambiguous, plaintiff would fall within "you" in the underinsured motorist endorsement, thereby entitling plaintiff to proceeds under the policy for bodily injury suffered as a pedestrian when struck by Shepherd's vehicle.

The principles involved in the interpretation and construction of insurance contracts are the same as those involved in construing other contracts. *Seeburg Corp. Of Delaware v. United Founders Life Insurance Co.*, 82 Ill. App. 3d 1034, 1039 (1980). Thus, the primary objective in the construction of an insurance policy is to determine and give effect to the intent of the parties, as expressed by the agreement. *Rohe v. CNA Insurance Co.*, 312 Ill. App. 3d 123, 127 (2000). "To do so, a court must 'construe the policy as a whole, taking into account the type of insurance for which the parties have contracted, the risks undertaken and purchased, the subject matter that is insured and the purposes of the entire contract.' " *Rohe*, 312 Ill. App. 3d at 126-27, quoting *Crum & Foster*, 156 Ill. 2d at 391. "If the words in the policy are clear and unambiguous, there is no need for construction and the court will enforce the policy according to its terms as written, unless it contravenes public policy." *Rohe*, 312 Ill. App. 3d at 127, citing *Menke v. Country Mutual Insurance Co.,* 78 Ill. 2d 420, 423-24 (1980), and *United States Fire Insurance Co. v. Schnackenberg*, 88 Ill. 2d 1, 4-5 (1981). "However, a policy term is not ambiguous because the term is not defined within the policy or because the parties can suggest creative possibilities for its meaning." *Rohe*, 312 Ill. App. 3d at 127, citing *Lapham-Hickey Steel Corp. v. Protection Mutual Insurance Co.*, 166 Ill. 2d 520, 529 (1995). Additionally, "a court cannot read an ambiguity into a policy just to find in favor of the insured." *Rohe*, 312 Ill. App. 3d at 127, citing

*Lapham-Hickey*, 166 Ill. 2d at 530. "Rather, a policy provision is ambiguous only if it is subject to more than one reasonable interpretation." *Rohe*, 312 Ill. App. 3d at 127, citing *United States Fidelity & Guaranty Co. v. Wilkin Insulation Co.*, 144 Ill. 2d 64, 74 (1991). "Where competing reasonable interpretations of a policy exist, the court must construe the policy in favor of the insured and against the insurer that drafted the policy." *Rohe*, 312 Ill. App. 3d at 127, citing *American States Insurance Co. v. Koloms*, 177 Ill. 2d 473, 479 (1997).

In the case at bar, plaintiff argues that a reasonable person could interpret the word "you" in the policy as meaning plaintiff personally, because plaintiff is the sole director, officer, and shareholder of Thornton and the only person that can legally act on behalf of Thornton. However, the policy specifically defined the term "you" as referring only to the "named insured" shown in the policy declarations, which is the corporation Thornton. "It is clear under the law that a corporation is a legal entity separate and distinct from its shareholders, directors and officers." *Rohe*, 312 Ill. App. 3d at 127, citing *In re Rehabilitation of Centaur Insurance Co.*, 158 Ill. 2d 166, 172 (1994). Therefore, as Thornton has an existence wholly separate from plaintiff, the insurance policy, on its face, is unambiguous as to who is covered thereunder. *Rohe*, 312 Ill. App. 3d at 127.

Numerous Illinois cases comport with our holding that the term "you" as employed in the instant insurance contract is unambiguous. The reasoning of the cases is applicable here, although the cases involve different factual situations. We summarize each of these cases briefly.

6

In *Rohe*, plaintiff's father was the sole shareholder of a corporation. *Rohe*, 312 Ill. App. 3d at 124. The defendant issued a business automobile policy to the corporation, insuring thereunder five automobiles and listing the corporation as the only "named insured" in the policy declaration. *Rohe*, 312 Ill. App. 3d at 124. The policy stated that the words "you" and "your" referred to the "Named Insured shown in the Declarations." *Rohe*, 312 Ill. App. 3d at 124. The policy further included an "Illinois Uninsured Motorists Coverage" endorsement that defined an "insured" identically to the policy in the case at bar. The definition of "insured" was as follows:

> " '1. You.
>
> 2. If you are an individual, any "family member".
>
> 3. Anyone else "occupying" a covered "auto" or a temporary substitute for a covered "auto". The covered "auto" must be out of service because of its breakdown, repair, servicing, loss or destruction.
>
> 4. Anyone for damages he or she is entitled to recover because of "bodily injury" sustained by another "insured." ' "

*Rohe*, 312 Ill. App. 3d at 125.

In *Rohe*, the plaintiff was struck by an uninsured automobile while skateboarding on a public street. Plaintiff argued that his father fell within the definition of the word "you" because his father owned the corporation to which the insurance policy was issued. From that, the plaintiff argued that he was a "family member" of his father and, as such, entitled to uninsured motorist benefits under the policy. This court held that the policy was unambiguous and that plaintiff's

7

father did not fall within the definition of an "insured" because the corporation, a legal entity separate and distinct from plaintiff's father, was the only "named insured" in the policy declarations.

In *Economy Preferred Insurance Co. v. Jersey County Construction, Inc.*, 246 Ill. App. 3d 387, 389 (1993), the plaintiff, president and manager of a corporation, purchased automobile insurance in which the only named insured in the policy declarations was the corporation. The insurance policy defined "you" and "your" as "the person or organization shown as the named insured" in the policy declarations. *Economy Preferred*, 246 Ill. App. 3d at 389. Under "Who is Insured," the policy stated, "You or any family member." *Economy Preferred*, 246 Ill. App. 3d at 389. The policy also stated:

> " 'We will pay all sums the insured is legally entitled to recover as damages from the owner or driver of an uninsured motor vehicle. The damages must result from bodily injury sustained by the insured caused by an accident. The owner's or driver's liability for these damages must result from the ownership, maintenance or use of the uninsured motor vehicle.' " *Economy Preferred*, 246 Ill. App. 3d at 389.

The plaintiff's daughter was subsequently injured while a passenger on an uninsured motorcycle driven by an uninsured motorist. *Economy Preferred*, 246 Ill. App. 3d at 390. The plaintiff sought coverage under the corporation's policy, contending that the uninsured motorist provision within the policy extended beyond the corporation to the plaintiff's family members.

8

*Economy Preferred*, 246 Ill. App. 3d at 390. This court held that, where an insured is a corporation, uninsured motorist coverage does *not* extend to employees or family members of employees for accidents that do not involve occupancy of covered vehicles. *Economy Preferred*, 246 Ill. App. 3d at 390.

In *Polzin v. Phoenix of Hartford Insurance Cos.*, 5 Ill. App. 3d 84 (1972), the policy of insurance was issued to a corporation and covered two vehicles owned by the corporation. The plaintiff, who was also shareholder, president, and chief operating officer of the corporation, customarily used one of the vehicles. *Polzin*, 5 Ill. App. 3d at 87. The plaintiff was injured while a pedestrian by an uninsured motorist. *Polzin*, 5 Ill. App. 3d at 87. We held that the plaintiff had not established that he was an insured in the policy but on the contrary was charged with knowledge that the corporation was the only insured so named. *Polzin*, 5 Ill. App. 3d at 87. We also held that extending the designation of insured beyond those named in the policy was not required by statute and would change the contract between the parties. *Polzin*, 5 Ill. App. 3d at 87.

Another Illinois case, *Pekin Insurance Co. v. Estate of Goben*, 303 Ill. App. 3d 639 (1999), allowed for recovery under a similar insurance policy. The "Who is an insured" section of the policy stated, " '1. You. 2. If you are an individual, any "family member." ' " *Pekin*, 303 Ill. App. 3d at 643. The policy further defined "you" and "your" as the person or organization shown as the named insured in the declaration. The declaration stated as follows:

" 'FREEDOM HEATING

GARY WHITLOCK/FRANK GOBEN [sic] DBA

9

RR #3 BOX 144

345 WASSON ROAD

ELDORADO, IL 62930.' " *Pekin*, 303 Ill. App. 3d at 644.

This court held that the plaintiff, Frank Goben, was an insured for purposes of the policy because he was listed on the policy declarations. *Pekin*, 303 Ill. App. 3d at 646. The court also distinguished *Polzin* and *Economy Preferred*, because "the insurance policies in those cases were issued only to a corporation and listed only the corporation as the insured." The court stated that, "A corporation has a legal existence separate from that of its shareholders, officers, and directors." *Pekin*, 303 Ill. App. 3d at 645. The court reasoned that Freedom Heating, a partnership, had no legal existence outside of its partners, and according to Illinois law was not a separate and distinct legal entity for most purposes.

In the instant case, the clear and unambiguous language of the policy defines "you" and "your" as the "named insured" in the policy declarations. The "named insured" is Thornton, a corporation separate and distinct from plaintiff. Furthermore, the accident from which plaintiff sought coverage did not involve occupancy of a covered vehicle. *Economy Preferred*, 246 Ill. App. 3d at 390. Accordingly, we conclude that the trial court did not err in granting summary judgment to defendant.

Notwithstanding the foregoing, defendant argues that though he is not a named insured in the policy, he has rights under the underinsured motorist endorsement because the underinsured motorist endorsement afforded recovery for bodily injury, a thing that Thornton, a corporation could not incur. Therefore, the endorsement would be a nullity unless he, plaintiff, the

10

corporation's sole officer, director, and shareholder, had coverage for the injuries he sustained as a pedestrian. In other words, plaintiff argues that defendant charged premiums for illusory coverage. We find plaintiff's argument unpersuasive.

The parties contracted for commercial automobile coverage for automobiles owned by Thornton. The premiums paid by Thornton were to provide underinsured coverage benefits for those occupying a covered automobile. It appears from the language of the policy that the defendant never contemplated undertaking the risk of insuring plaintiff, as a pedestrian, for purposes of underinsured motorist coverage. See *Economy Preferred*, 246 Ill. App. 3d at 392. Adoption of plaintiff's construction of the underinsured motorist endorsement in this case would result in our making a new contract of insurance for the parties, which we cannot do. See *Polzin*, 5 Ill. App. 3d at 88.

Therefore, we conclude that the underinsured motorist endorsement in this case was not a nullity; it covered Thornton and any person while using its automobiles. Plaintiff, not being a named insured nor occupying a covered automobile at the time of the accident, had no coverage rights under the endorsement when struck by a vehicle as a pedestrian.

## CONCLUSION

For the foregoing reasons, we affirm the judgment of the trial court granting summary judgment to defendant. We find that the underinsured motorist provision was unambiguous and find that plaintiff did not qualify as an "insured" for purposes of coverage when struck by a vehicle as a pedestrian.

Affirmed.

No. 1-05-2370

McBRIDE, P.J. and GARCIA, J., concur.