2022 IL App (1st) 211595

FIRST DISTRICT
THIRD DIVISION
September 30, 2022

Nos. 1-21-1595 & 1-22-0281 (cons.)

| | | |
|---|---|---|
| CARMEN GALARZA, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County |
| | ) | |
| v. | ) | No. 20 CH 4631 |
| | ) | |
| DIRECT AUTO INSURANCE COMPANY, | ) | Honorable |
| | ) | David B. Atkins, |
| Defendant-Appellant. | ) | Judge Presiding. |
| _____ | ) | _____ |
| | ) | |
| DIRECT AUTO INSURANCE COMPANY, | ) | |
| | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| | ) | Cook County |
| v. | ) | |
| | ) | No. 21 CH 2447 |
| FREDY GUIRACOCHA and CRISTOPHER | ) | |
| GUIRACOCHA, a minor by next best friend | ) | Honorable |
| FREDY GUIRACOCHA, | ) | Sophia H. Hall, |
| | ) | Judge Presiding. |
| Defendants-Appellants. | ) | |

JUSTICE REYES delivered the judgment of the court, with opinion.
Presiding Justice McBride concurred in the judgment and opinion.
Justice Gordon specially concurred, with opinion.

## OPINION

¶ 1 These two consolidated appeals involve a single issue: whether a provision in an

automobile insurance policy which limits uninsured motorist coverage to insureds occupying an

"insured automobile" violates section 143a of the Illinois Insurance Code (Insurance Code) (215

ILCS 5/143a (West 2020)) – which addresses uninsured and hit-and-run motor vehicle coverage

(UM coverage)[1] – and is thus unenforceable as against public policy.

¶ 2    In the first case, Carmen Galarza (Galarza) – a pedestrian who was allegedly injured by a hit-and-run driver – filed a complaint against her automobile insurer, Direct Auto Insurance Company (Direct Auto), seeking a declaratory judgment that she was entitled to UM coverage. The circuit court of Cook County (Judge David B. Atkins) granted summary judgment in favor of Galarza and found there was coverage. In the second case, Fredy Guiracocha (Fredy) filed a claim under his Direct Auto insurance policy after his 14-year-old son, Cristopher Guiracocha (Cristopher), was allegedly injured by a hit-and-run driver while riding his bicycle. The circuit court of Cook County (Judge Sophia H. Hall) granted summary judgment in favor of Direct Auto in its declaratory judgment action and found there was no UM coverage. Direct Auto appeals from the ruling in *Galarza*, and Fredy and Cristopher appeal from the ruling in *Guiracocha*. As discussed below, we find that this Court lacks jurisdiction to consider the *Galarza* appeal, and we thus sever the consolidated appeals and dismiss the *Galarza* appeal. As to *Guiracocha*, we reverse the judgment in favor of Direct Auto and remand this matter for further proceedings.

¶ 3                                BACKGROUND

¶ 4    The pertinent provisions of the Direct Auto automobile insurance policies at issue in *Galarza* and *Guiracocha* appear to be identical. Part I of the policy provides liability coverage, *i.e.*, coverage for a driver who harms another individual or their property while operating a vehicle. The definition of "Insureds" under Part I differs depending on whether the liability relates to operation of an "owned automobile" or a "non-owned automobile," as defined therein.

¶ 5    Part II of the Direct Auto policy provides UM coverage, *i.e.*, coverage for when the

---

[1] Although the statute refers to both uninsured motor vehicles and hit-and-run motor vehicles, this distinction has no effect on our analysis. For purposes of clarity, we refer solely to "UM" coverage.

insured is injured by a driver who does not have liability insurance. In Part II, the term "Insured" is defined to include the named insured and a "relative," as defined in Part I of the policy. UM coverage may be available under the Direct Auto policy provided that the damages (1) were caused by accident, (2) while the insured was an occupant in an "insured automobile," and (3) were as a result of the ownership, maintenance, or use of the uninsured motor vehicle.

¶ 6                     *Galarza v. Direct Auto Insurance Company*, 20 CH 4631

¶ 7     Galarza was a named insured under a Direct Auto automobile insurance policy. The policy insured two vehicles – a 2012 Nissan Sentra and a 2017 Nissan Versa – and included UM coverage with limits of $25,000 per person and $50,000 per accident.

¶ 8     On July 21, 2018, Galarza allegedly was struck by a Jeep while walking out of a store. According to a witness, the driver of the Jeep exited his vehicle, checked on Galarza, and left the scene.

¶ 9     Galarza initiated a UM claim for bodily injury damages against Direct Auto and made a demand for arbitration pursuant to the policy. Direct Auto notified Galarza that there was no coverage in effect for the incident as she was not occupying an "insured automobile" at the time.

¶ 10     Galarza filed a two-count complaint against Direct Auto in the circuit court of Cook County. In count I, she alleged that Direct Auto wrongfully denied her claim as the relevant policy provision – requiring her to have been an occupant in an "insured automobile" – was against public policy and violated section 143a of the Insurance Code. She sought a declaratory judgment stating that Direct Auto owed a duty of coverage for her UM claim. In count II, Galarza asserted a claim under section 155 of the Insurance Code (215 ILCS 5/155 (West 2020)), alleging she was entitled to a statutory penalty in the amount of $60,000, plus attorney fees and costs, based on Direct Auto's "vexatious and unreasonable" conduct.

3

¶ 11    Direct Auto filed a counterclaim seeking a declaratory judgment that there was no coverage for Galarza's claim under the policy. Direct Auto also filed an answer to Galarza's complaint and a motion for a 90-day extension to plead as to count II (the section 155 claim). The record does not indicate whether the circuit court ruled on the extension motion.

¶ 12    Direct Auto subsequently filed a motion for summary judgment. Direct Auto initially asserted that the plain language of the policy clearly precluded coverage for Galarza's claim. According to Direct Auto, not only was Galarza required to have been an occupant of an "insured automobile" at the time of the incident, but actual physical contact between the insured automobile and the hit-and-run vehicle also was required pursuant to the terms of the policy. Direct Auto then argued that the policy as issued – which was approved by the Illinois Department of Insurance – did not violate section 143a of the Insurance Code, as Galarza's status as a pedestrian was unrelated to the "ownership, maintenance or use of a motor vehicle" (215 ILCS 5/143a (West 2020)).

¶ 13    Galarza filed a cross-motion for summary judgment and a response to Direct Auto's motion for summary judgment. She argued that the public policy underpinning UM coverage is to essentially place the insured in the same position as if the at-fault party carried the liability insurance required by Illinois law. She asserted that the fact that she was struck as a pedestrian should not have caused the denial of coverage under her policy. As to count II of her complaint (section 155 damages), Galarza contended that Direct Auto's failure to settle the claim or agree to arbitrate constituted an "unreasonable and vexatious delay."

¶ 14    In its reply and its response to Galarza's cross-motion for summary judgment, Direct Auto argued that there was no basis for interfering with the parties' contractual rights under the policy where neither the legislature nor the judiciary has enacted or interpreted UM coverage to

include pedestrians. Characterizing this issue as one of first impression, Direct Auto contended that a *bona fide* coverage dispute may not serve as the basis for a claim under section 155.

¶ 15 In an order entered on November 24, 2021, the circuit court denied Direct Auto's motion for summary judgment and granted Galarza's cross-motion, concluding that Direct Auto owed a duty of coverage with respect to her UM claim. The circuit court found that Galarza had "provided adequate support to demonstrate Illinois law has found insurance policies that bar coverage due to the insured not occupying the insured vehicle at the time of an accident are against public policy." In support of this finding, the circuit court relied on *Direct Auto Insurance Co v. Merx*, 2020 IL App (2d) 190050, ¶ 42, and *Squire v. Economy Fire & Casualty Co.* 69 Ill. 2d 167, 176 (1977) (discussed below). Direct Auto filed a notice of appeal.

¶ 16                    *Direct Auto Insurance Company v. Guiracocha*, 21 CH 2447

¶ 17 On September 24, 2020, 14-year-old Cristopher allegedly was involved in a hit-and-run incident, *i.e.*, he was struck by a vehicle while riding his bicycle. Fredy, Cristopher's father, was a named insured under an automobile policy issued by Direct Auto; the policy insured a 2006 Mercury Mountaineer. The UM coverage was $25,000 per person and $50,000 per accident.

¶ 18 Fredy filed a UM claim against Direct Auto based on his son's status as a "relative" under the policy and requested administration by the American Arbitration Association (AAA), in accordance with the policy. Direct Auto denied coverage, as Cristopher was not an occupant of an insured vehicle at the time of the incident. In May 2021, Direct Auto filed a declaratory judgment action in the circuit court of Cook County against Fredy and Cristopher (the Guiracochas). Direct Auto also requested and was granted a stay of the AAA proceedings pending resolution of the declaratory judgment action.

¶ 19 The Guiracochas answered the complaint, and Direct Auto subsequently filed a motion

for summary judgment. Direct Auto argued that a bicycle is not a vehicle under Illinois law and thus Cristopher was a pedestrian. According to Direct Auto, section 143a of the Insurance Code does not require UM coverage for pedestrians or individuals not occupying a vehicle. Direct Auto also asserted that hit-and-run cases are "notorious for fraud."

¶ 20    In their response, the Guiracochas acknowledged the potential for fraud in cases where there is no contact with the hit-and-run vehicle, but they asserted that Cristopher was physically struck by a vehicle, as corroborated by eyewitness statements included in the police report regarding the incident. The Guiracochas argued that Direct Auto violated public policy and section 143a of the Insurance Code by conditioning UM coverage on the insured's occupancy of their own vehicle and by denying coverage to pedestrians who have been physically struck by hit-and-run vehicles.

¶ 21    Direct Auto replied, in part, that Cristopher is "not even a person insured." The Guiracochas countered that Cristopher, as a relative residing with Fredy, was an "insured" under the policy. They further noted that Direct Auto had not previously challenged Cristopher's status as an insured in its coverage denial letter or its motion for summary judgment.

¶ 22    After hearing the arguments of counsel, the circuit court entered an order on January 12, 2022, granting summary judgment in favor of Direct Auto and declaring that Direct Auto owed no coverage or duty to defend or indemnify. The Guiracochas filed a timely appeal.

¶ 23                                      ANALYSIS

¶ 24    As discussed above, the circuit court in *Galarza* ruled against Direct Auto, and the circuit court in *Guiracocha* ruled in Direct Auto's favor. The cases have been consolidated on appeal. Direct Auto (as the appellant in *Galarza* and the appellee in *Guiracocha*) contends on appeal that its automobile insurance policy does not violate public policy regarding UM coverage and thus

the insurance policy should be enforced as written. Galarza and the Guiracochas argue that the UM provisions of the insurance policy violate public policy and are unenforceable. The Illinois Trial Lawyers Association was granted leave to file an *amicus curiae* brief in support of Galarza.

¶ 25 Prior to considering the parties' respective contentions, we must address a jurisdictional issue: whether the challenged order in *Galarza* was a final and appealable order.

¶ 26                                                         *Finality of Galarza Order*

¶ 27 An appeal generally may be taken only after the circuit court has resolved all of the claims against all of the parties to the action. *Ely v. Pivar*, 2018 IL App (1st) 170626, ¶ 30. Galarza filed a two-count complaint against Direct Auto. Count I – the declaratory judgment count – was resolved by the circuit court in Galarza's favor. In count II, Galarza sought attorney fees, costs, and statutory penalties under section 155 of the Insurance Code. Section 155 " 'provides an extracontractual remedy to policyholders whose insurer's refusal to recognize liability and pay a claim under a policy is vexatious and unreasonable.' " *American Service Insurance Co. v. Passarelli*, 323 Ill. App. 3d 587, 590 (2001) (quoting *Cramer v. Insurance Exchange Agency*, 174 Ill. 2d 513, 520 (1996)).

¶ 28 Based on our review of the record, Galarza's claim pursuant to section 155 was not resolved (or even considered) by the circuit court. In the absence of a ruling by the circuit court regarding the section 155 claim, the order at issue on appeal was not a final and appealable order. See *Shelter Mutual Insurance Co. v. Flynn*, 2020 IL App (1st) 191123, ¶ 40.

¶ 29 We recognize that Illinois Supreme Court Rule 304(a) provides that, in matters involving multiple claims or multiple parties, an appeal may be taken when the circuit court has entered a final order as to one or more parties or claims, but fewer than all, if the circuit court makes an express finding that there is no just reason to delay enforcement or appeal or both. Ill. S. Ct. R.

7

304(a) (eff. Mar. 8, 2016).  Although the November 24, 2021, order in *Galarza* fully resolved count I, the section 155 claim (count II) was not addressed.  As the order did not include a Rule 304(a) finding, we lack jurisdiction to consider the appeal.  *Shelter Mutual Insurance*, 2020 IL App (1st) 191123, ¶ 42.  We thus sever the consolidated appeals and dismiss the *Galarza* appeal (1-21-1595) for lack of jurisdiction.  We now turn to the *Guiracocha* appeal (1-22-0281).

¶ 30                     *Summary Judgment – General Principles*

¶ 31     The Guiracochas contend on appeal that the circuit court erred in granting summary judgment in favor of Direct Auto.  Motions for summary judgment are governed by section 2-1005 of the Code of Civil Procedure (735 ILCS 5/2-1005 (West 2020)).  Summary judgment should be granted only where the pleadings, admissions, depositions, and affidavits on file, when viewed in the light most favorable to the nonmovant, demonstrate that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law.  *Id.*; *Thounsavath v. State Farm Mutual Automobile Insurance Co.*, 2018 IL 122558, ¶ 15.

¶ 32     "The construction of the terms of an insurance policy and whether the insurance policy comports with statutory requirements present questions of law that are properly decided on a motion for summary judgment."  *Id.*  See also *Merx*, 2020 IL App (2d) 190050, ¶ 15 (noting that "[p]ublic policy is necessarily a question of law").

¶ 33     The grant of summary judgment is subject to *de novo* review.  *Thounsavath*, 2018 IL 122558, ¶ 16.  "In addition, the determination of whether a provision in a contract, insurance policy, or other agreement is invalid because it violates public policy also presents a question of law, which is reviewed *de novo*."  *Id.*  Accord *Phoenix Insurance Co. v. Rosen*, 242 Ill. 2d 48, 54 (2011).  See *Goldstein v. Grinnell Select Insurance Co.*, 2016 IL App (1st) 140317, ¶ 10.  Under *de novo* review, we perform the same analysis as a circuit court and give no deference to the

8

circuit court's conclusions or specific rationale. *Freeburg Community Consolidated School District No. 70 v. Country Mutual Insurance Co.*, 2021 IL App (5th) 190098, ¶ 80.

¶ 34                    *Contracts and Public Policy Concerns*

¶ 35    The parties agree that the Direct Auto policy, as written, does not provide UM coverage for Cristopher's injuries. Among other things, the UM coverage in the policy is limited to damages caused by accident while the insured was an occupant in an "insured automobile." Cristopher was struck by a vehicle while riding his bicycle, not while in an insured automobile.

¶ 36    The fact that the policy terms preclude UM coverage herein is not dispositive. *Merx*, 2020 IL App (2d) 190050, ¶ 15. "If insurance policy terms are clear and unambiguous, they must be enforced as written unless doing so would violate public policy." *Schultz v. Illinois Farmers Insurance Co.*, 237 Ill. 2d 391, 400 (2010). The public policy of Illinois is reflected in its constitution, statutes, and judicial decisions. *Thounsavath*, 2018 IL 122558, ¶ 17.

¶ 37    The terms of an insurance policy that conflict with a statute are void and unenforceable. *Id.* Accord *Schultz*, 237 Ill. 2d at 400. Similarly, insurance policy terms cannot circumvent the underlying purpose of a statute in force at the time the policy is issued. *Id.* See also *Merx*, 2020 IL App (2d) 190050, ¶ 16 (stating that insurers "have no right to depart from valid statutory requirements in their policies"). "It is axiomatic that a statute that exists for protection of the public cannot be rewritten through a private limiting agreement." *Progressive Universal Insurance Co. of Illinois v. Liberty Mutual Fire Insurance Co.*, 215 Ill. 2d 121, 129 (2005).

¶ 38     As our supreme court has a long tradition of upholding the rights of parties to freely contract, the power to declare a contract invalid on public policy grounds is exercised sparingly. *Rosen*, 242 Ill. 2d at 55; *Goldstein*, 2016 IL App (1st) 140317, ¶ 16. An agreement will not be invalidated as violative of public policy unless it is clearly contrary to what the constitution,

statutes, or judicial decisions have declared to be the public policy or unless it is manifestly injurious to the public welfare. *Progressive Universal Insurance*, 215 Ill. 2d at 129-30; *Rosen*, 242 Ill. 2d at 55. "Whether an agreement is contrary to public policy depends on the particular facts and circumstances of the case." *Progressive Universal Insurance*, 215 Ill. 2d at 130.

¶ 39                                    *Illinois UM Coverage Requirements*

¶ 40    The public policy of Illinois is to protect members of the public injured in vehicular accidents. *Safe Auto Insurance Co. v. Fry*, 2015 IL App (1st) 141713, ¶ 11. "This public policy, as reflected in state statutes and well-established case law, includes mandatory liability insurance to compensate for injuries caused by the negligent operation of a vehicle by the owner or other permitted driver." *Id.* Specifically, section 7-601 of the Illinois Vehicle Code (625 ILCS 5/7-601 (West 2020)) requires liability insurance for all motor vehicles operated or registered in Illinois, with certain exceptions. The minimum amounts of liability coverage currently mandated are $25,000 per person and $50,000 per accident. 625 ILCS 5/7-203 (West 2020).

¶ 41    The principal purpose of the liability insurance requirement is to protect the public by securing payment of their damages. *Rosen*, 242 Ill. 2d at 57; *Merx*, 2020 IL App (2d) 190050, ¶ 17; *Goldstein*, 2016 IL App (1st) 140317, ¶ 21. "To further that end, the legislature requires uninsured motorist coverage to place the policyholder in substantially the same position he would occupy if the tortfeasor had the minimum liability insurance" required by Illinois law. *Thounsavath*, 2018 IL 122558, ¶ 25.

¶ 42    Section 143a of the Insurance Code thus requires a motor vehicle liability policy to also include UM coverage. 215 ILCS 5/143a (West 2020); *Merx*, 2020 IL App (2d) 190050, ¶ 18. The UM coverage must be in an amount equal to the bodily-injury liability limits unless the insured has bodily injury coverage in excess of the statutory minimum and specifically rejects

that additional amount of UM coverage. *Id.* In this case, the Guiracochas carried the minimum amount of UM coverage under Illinois law: $25,000 per person and $50,000 per accident.

¶ 43                    *Direct Auto Policy and UM Coverage Public Policy*

¶ 44    The key question we must consider is whether the denial of the Guiracochas' claim for UM coverage comports with section 143a of the Insurance Code and its underlying purpose. See *Merx*, 2020 IL App (2d) 190050, ¶ 15. Section 143a provides, in part, as follows:

> "No policy insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance or use of a motor vehicle *** shall be renewed, delivered, or issued for delivery in this State unless coverage is provided therein or supplemental thereto, in limits for bodily injury or death set forth in Section 7-203 of the Illinois Vehicle Code for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles and hit-and-run motor vehicles because of bodily injury, sickness or disease, including death, resulting therefrom." 215 ILCS 5/143a (West 2020).

Based on section 143a, UM coverage "must extend to all who are insured under the policy's liability provisions." *Thounsavath*, 2018 IL 122558, ¶ 19. "If a person constitutes an insured for purposes of liability coverage under a policy, the insurance company may not, either directly or indirectly, deny uninsured-motorist coverage to that person." *Schultz*, 237 Ill. 2d at 403.

¶ 45    The parties agree that, for purposes of our analysis, Cristopher was a pedestrian. According to Direct Auto, a pedestrian is not an insured under Part II (UM) of the policy. An "insured" is defined in the UM provisions of the policy to include the named insured and certain relatives. The UM coverage, however, is restricted to insureds who are occupants in an "insured automobile." Furthermore, the UM provisions require "actual physical contact between

11

the insured automobile and the hit-and-run motor vehicle." In light of the foregoing, Cristopher – as a pedestrian – does not appear to be entitled to UM coverage under the Direct Auto policy.

¶ 46 As noted above, if an individual qualifies as an insured for purposes of the policy's bodily injury liability provisions, he or she must be treated as an insured for purposes of UM coverage. *Thounsavath*, 2018 IL 122558, ¶ 31; *Merx*, 2020 IL App (2d) 190050, ¶ 41. Direct Auto contends that Cristopher is not an insured under the liability provisions (Part I) of the policy. Although the "Insureds" definition in Part I includes multiple enumerated parties, the definition requires the use of an "owned automobile" or a "non-owned automobile," as defined therein. A pedestrian, by definition, would not be entitled to coverage under Part I, as written. Direct Auto suggests that the UM provisions are valid, as pedestrians are not insureds under Part I (liability) and thus need not be insureds under Part II (UM) of the policy.

¶ 47 While Direct Auto's contention has facial appeal, it is contrary to both the language of section 143a and its underlying public policy. Section 143a is expressly designed to broadly mandate UM coverage for "the protection of persons insured" under an automobile liability policy. 215 ILCS 5/143a (West 2020). When drafting the policy at issue, Direct Auto effectively evaded this requirement by linking coverage to the insured's occupancy of an automobile. In the context of liability coverage, this restriction makes sense; Direct Auto is providing *automobile* liability insurance, not *pedestrian* liability insurance. In the UM context, however, the purpose of such coverage is thwarted if the coverage is effectively "whittled away" by unduly restrictive language. *Merx*, 2020 IL App (2d) 190050, ¶ 22. Although we recognize that insurers "are not required to cover every possible loss and may legitimately limit their risks" (*Founders Insurance Co. v. Munoz*, 237 Ill. 2d 424, 442 (2010)), an insurer may not directly or indirectly deny UM coverage to an insured.

¶ 48    "It is well established that uninsured-motorist coverage is required so that the policyholder is placed in substantially the same position he or she would occupy if injured or killed in an accident where the party at fault carried the minimum liability coverage required by law." *Merx*, 2020 IL App (2d) 190050, ¶ 22. In the instant case, if Cristopher had been struck by a motorist carrying the minimum liability coverage mandated under Illinois law, he may be compensated for his injuries up to the $25,000 limit. Given that Cristopher allegedly was the victim of a hit-and-run driver, however, he is potentially left without compensation for his injuries in the absence of UM coverage. Depending on the Guiracochas' circumstances, Cristopher's damages may result in an unjust burden to the public at large if UM coverage is unavailable. See *Progressive Universal Insurance*, 215 Ill. 2d at 140 (discussing the "goal of protecting the public" by the payment of damages under a UM policy provision). Such a result "would run afoul of Illinois's clear public policy of ensuring coverage for policyholders injured by uninsured motorists." *Merx*, 2020 IL App (2d) 190050, ¶ 31.

¶ 49    We further observe that the Direct Auto policy, as written, is inconsistent with Illinois case law. For example, in *Doxtater v. State Farm Mutual Automobile Insurance Co.*, 8 Ill. App. 3d 547, 552 (1972) – which involved an injured motorcyclist – this Court opined that our supreme court "would interpret Section 143a of the Insurance Code as a direction to insurance companies to provide uninsured motor vehicle coverage for 'insureds,' regardless of whether, at the time of injury, the insureds occupied or operated vehicles declared in the subject policy." The Illinois Supreme Court in *Squire v. Economy Fire & Casualty Co.*, 69 Ill. 2d 167, 179 (1977), subsequently invalidated an exclusion in an insurance policy as violative of section 143a, thus allowing an injured pedestrian to recover under the UM coverage provisions in both her primary automobile insurance policy and an endorsement to that policy.

¶ 50    In *Direct Auto Insurance Co. v. Merx*, 2020 IL App (2d) 190050, the appellate court recently considered the exact policy language as at issue in this case. Direct Auto filed a declaratory judgment action against the insured, alleging that there was no UM coverage for an accident in which the insured was a passenger in a vehicle where the at-fault driver was an uninsured motorist. *Id.* ¶¶ 3-4. Direct Auto argued that the insured was not an "occupant in an 'insured automobile' " under the UM provisions of the policy. *Id.* ¶ 4. The appellate court affirmed the grant of the insured's motion for judgment on the pleadings and the denial of Direct Auto's motion for summary judgment. *Id.* ¶ 44. The appellate court concluded that "[t]o deny uninsured-motorist coverage to Merx simply because she did not occupy her insured automobile at the time of the accident *** would contravene public policy and the legislative purpose behind section 143a of the Insurance Code by foreclosing her from being placed in substantially the same position she would have occupied had she been injured in an automobile accident where the party at fault carried the legal minimum amount of liability coverage." *Id.* ¶ 42.

¶ 51    Direct Auto concedes that *Merx* effectively alters the UM coverage language by deleting the word "insured" from "occupant in an 'insured automobile.' " Direct Auto maintains, however, that a pedestrian, *i.e.*, Cristopher, is different from a vehicle passenger. Based on our review of *Merx* and related case law, we are unable to discern any meaningful basis for distinguishing between a pedestrian and a passenger under the limited circumstances herein. *Merx* supports the inclusive coverage sought by the Guiracochas in the instant case. While Direct Auto observes that the Illinois Department of Insurance allowed the instant policy to be issued, the *Merx* decision plainly indicates that such approval does not preclude an insured from successfully challenging the validity of the policy provisions.

¶ 52    We further note that the cases cited by Direct Auto are inapposite. For example, in

*Rosenberg v. Zurich American Insurance Co.*, 312 Ill. App. 3d 97, 105 (2000), the appellate court stated, in *dicta*, that the "Illinois statute pertaining to uninsured motorist coverage does not specify that pedestrians must be included in underinsured and uninsured motorist coverage as Massachusetts statute does." *Rosenberg*, however, addressed a wholly different issue than the case at bar, *i.e.*, whether the resident of a retirement community was entitled to UM coverage under the retirement community's automobile insurance policy. *Id.* at 98. More significantly, as noted above, section 143a broadly mandates protection for insured persons under the policy, thus obviating any need to delineate "pedestrians" as a protected group. Direct Auto also relies on isolated language in *Stark v. Illinois Emcasco Insurance Co.*, 373 Ill. App. 3d 804, 811 (2007), wherein the appellate court found that the defendant insurance company "never contemplated undertaking the risk of insuring plaintiff, as a pedestrian, for purposes of underinsured motorist coverage." The court's finding in *Stark*, however, was unrelated to the insured's status as a pedestrian; the appeal addressed whether the policy issued to a company provided certain coverage to the company's sole officer, director, and shareholder. *Id.* at 810.

¶ 53    As recognized by our supreme court, "Illinois' present insurance scheme does not eliminate the possibility that drivers will take to the road without liability insurance, nor does it guarantee that injured parties will have their own policies to draw from," as is the case with the Guiracochas. See *Progressive Universal Insurance*, 215 Ill. 2d at 140, n.3. While there may be circumstances in which an injured party may be left without any kind of coverage, such coverage gaps should ultimately be addressed by the legislature. *Id.*

¶ 54    For the reasons discussed herein, we find that the circuit court erred in granting summary judgment in favor of Direct Auto. Although we recognize that an insured seeking to invalidate an insurance policy provision as against public policy bears a heavy burden (*Merx*, 2020 IL App

(2d) 190050, ¶ 16), such burden has been satisfied in the instant case.

¶ 55                               CONCLUSION

¶ 56     We sever the consolidated appeals in *Galarza* (1-21-1595) and *Guiracocha* (1-22-0281).

The *Galarza* appeal is dismissed for lack of jurisdiction. The judgment of the circuit court in

*Guiracocha* is reversed, and this matter is remanded for further proceedings.

¶ 57     1-21-1595: Dismissed.

¶ 58     1-22-0281: Reversed and remanded.

¶ 59     JUSTICE GORDON, specially concurring:

¶ 60     I agree with the well-written decision of the majority, but I must write separately to

expand on the majority's finding that the Direct Auto Insurance policy for uninsured motorist

coverage violates the public policy of Illinois. This decision is a case of first impression and

interprets the public policy of Illinois as to uninsured motorist coverage. Generally, only our

Supreme Court of Illinois has the final say in the creation and interpretation of the public policy

of the state (citations omitted), but before our Supreme Court rules, it is the job of the lower

courts to interpret public policy when the issue of public policy is presented by a party litigant in

a lawsuit.

¶ 61     Based on Section 143(a) of the Insurance Code, uninsured motorist coverage "must

extend to all who are insured under the policy's liability provisions." *Thounsavath v. State Farm

Mutual Automobile Insurance Company*, 2018 IL 122558, ¶ 19. Direct Auto, in its pleadings,

alleged that Cristopher is "not even a person 'insured' under the policy." However, at oral

argument, Direct Auto agreed that Cristopher was a named insured because his father was a

named insured together with all of the members of his household, but argued that he was not

insured for an accident where he sustained injuries when he was struck by a motor vehicle, while

16

riding his bicycle, in a hit and run accident. The policy states that in order for uninsured motorist coverage to be applicable, persons insured for an accident must be occupying a motor vehicle, and Direct Auto argues that Cristopher's status in being on a bicycle was that of a pedestrian and Section 143(a) does not require or apply to pedestrians. Direct Auto further argues that the Illinois Department of Insurance approved the language of the policy and if the language was contrary to public policy, they would not have done so. However, it is the courts that provide the final decision as to whether an insurance policy violates the public policy of Illinois. Statutes that exist for the protection of the public cannot be rendered unenforceable because the language of an insurance policy deviates from the statute. *Progressive Universal Insurance of Illinois v. Liberty Mutual Fire Insurance Company*, 215 Ill. 2d 121, 129 (2005).

¶ 62    Based on Section 143(a), uninsured motorist coverage "must extend to all who are insured under the policy's liability provisions." *Thounsavath*, 2018 IL 122558, ¶ 19. Since Cristopher was a named insured under the policy, uninsured motorist coverage must extend to him. If the courts would find that an uninsured motorist policy as written that requires an insured to be an occupant of a vehicle as a condition precedent to coverage, then people on bicycles and other pedestrians would have no recourse for injuries caused by an uninsured driver of a motor vehicle or from a hit and run accident caused by a motor vehicle. A homeowner's policy normally excludes motor vehicle accidents, and if auto policies require the insured to be an occupant of an "insured vehicle," then the pedestrian has no avenue to obtain insurance, unless the pedestrian obtains a special policy of insurance that may be economically infeasible. Generally, as the majority has pointed out, "if insurance policy terms are clear and unambiguous, they must be enforced as written unless doing so would violate public policy." *Schultz v. Illinois Farmers Insurance Company*, 237 Ill. 2d 391, 400 (2010). In the case at bar, Direct Auto's

17

condition for coverage requiring an insured to be an occupant of a motor vehicle for coverage to occur is a violation of section 143(a) of the Illinois Insurance Code under the law as made and provided.

---

*Galarza v. Direct Auto Insurance Co.*,
**2022 IL App (1st) 211595**

---

**Decisions Under Review:**    Appeal from the Circuit Court of Cook County, No. 20-CH-4631; the Hon. David B. Atkins, Judge, presiding.

Appeal from the Circuit Court of Cook County, No. 21-CH-2447; the Hon. Sophia H. Hall, Judge, presiding.

---

**Attorneys:**    Samuel A. Shelist, of Shelist & Peña, of Chicago, for Direct Auto Insurance Company.

Lawrence Disparti and Jonel Metaj, of Disparti Law Group, P.A., of Chicago, for Fredy Guiracocha and Cristopher Guiracocha.

Matthew Friedman and Howard H. Ankin, of Ankin Law Office LLC, of Chicago, for Carmen Galarza.